WILLIAM J. GEDDES
Nevada Bar No. 6984
KRISTEN R. GEDDES
Nevada Bar No. 9027
THE GEDDES LAW FIRM, P.C.
1575 Delucchi Lane, Suite 206
Reno, Nevada 89502
Phone: (775) 853-9455
Fax: (775) 299-5337
Email: Will@TheGeddesLawFirm.com
Email: Kristen@TheGeddesLawFirm.com
*Attorneys for Plaintiff Mona Grogan*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| MONA GROGAN, an individual, | CASE NO: 3:20-cv-597 |
| Plaintiff, | |
| vs. | **COMPLAINT** |
| SR CONSTRUCTION, INC., a domestic corporation. | **JURY DEMAND** |
| Defendant. | |

COMES NOW Plaintiff Mona Grogan, by and through her counsel, William J. Geddes, Esq. and Kristen R. Geddes, Esq. of THE GEDDES LAW FIRM, P.C., and hereby complains of Defendant SR CONSTRUCTION, INC. as follows.

**I.**

**STATEMENT OF THE CASE**

This is an employment discrimination case arising under Title VII of the Civil Rights Act of 1964, the Age Discrimination and Employment Act and Nevada state law. GROGAN alleges herein that Defendant subjected GROGAN to sex-based discrimination, sexual harassment hostile work environment, and a hostile work environment based on age, and then retaliated against GROGAN when she complained about the discrimination and harassment. GROGAN seeks monetary, equitable, and injunctive relief.

. . .

The Geddes Law Firm, P.C.
1575 Delucchi Lane, Suite 206
Reno, NV 89502
Phone 775-853-9455

## II.

## JUISDICTION AND VENUE

1.     The federal claims of this case are maintained pursuant to 28 U.S.C. § 1331.   In particular, this case asserts claims, actionable under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-3 *et seq.,* the Age Discrimination in Employment Act of 1967 (ADEA), 29 U.S.C. § 623.     This Court has supplemental jurisdiction over the state-law claims pursuant to 28 U.S.C. § 1367(a).

2.     Venue is proper in the U.S. District Court situated in Reno, Nevada, under Local Rule IA 1-6 and 28 U.S.C. § 1391(b) because this Court is located in the "unofficial Northern Division," embracing the City of Carson, Nevada, and because:

(a)     Venue is proper in a judicial district in which a substantial part of the events or omissions giving rise to the claims of the case occurred, or where any defendant resides; and,

(b)     The unlawful employment practices were committed in Reno, Nevada.

## III.

## PARTIES

3.     At all relevant times herein, Plaintiff Mona Grogan ("GROGAN") was a citizen of the state of Nevada, residing in Reno, Nevada, who was a female over the age of forty (40), who was employed by Defendant SR CONSTRUCTION, INC.

4.     At all relevant times herein, Defendant SR CONSTRUCTION, INC. ("SR CONSTRUCTION") was a domestic corporation doing business in Reno, Nevada, and was Plaintiff's employer, pursuant to Title VII of the Civil Rights act of 1964 (as amended), 42 U.S.C. § 2000, *et seq*., the Age Discrimination in Employment Act of 1967 (ADEA), and Nevada law.

## IV.

## GENERAL ALLEGATIONS

5.     GROGAN was hired by Defendant SR CONSTRUCTION as a Project Engineer on or around October 28, 2019.

6.      Upon hire, GROGAN attended a brief training and onboarding period at Defendant SR CONSTRUCTION's Las Vegas, Nevada, office, after which, GROGAN relocated to Reno, Nevada, where she started her job as a Project Engineer for the Northern Nevada Sierra Medical Center construction project in Reno, Nevada.

**Allegations Regarding Doug Hixson, Superintendent**

7.      About one-week after beginning work in the Reno office, the harassment against GROGAN started by numerous male employees, including but not limited to Doug Hixson ("Hixson"), the Superintendent.

8.      GROGAN approached Hixson with a work-related inquiry about the project, setting Hixson off then, and continuing, such that Hixson constantly rage and curse at GROGAN whenever he would speak to her.

9.      Hixson would consistently maintain a tone that was aggressive and profane and GROGAN resisted asking him work-related questions.

10.     About two weeks after GROGAN's first hostile and abusive exchange with Hixson, Fred Kravetz, Sr. Project Engineer, requested GROGAN prepare a Grade Beam and Footing Study from existing Civil Plans, which angered Hixson, and he aggressively confronted GROGAN, but in a non-aggressive manner, told  Kravitz that Hixson had already prepared one.

11.     The following week, around fifteen minutes a newly hired 25-year old male named Joey Miguel started work at Defendant SR Construction, Hixson yelled across the construction trailer to GROGAN that, "I'm giving your grade beam project to Joey."  GROGAN resisted the reassignment of her work, to a younger, lesser qualified male.

12.     Hixson's yelling across the trailer and trying to reassign her work undermined GROGAN's leadership in the office, embarrassed and humiliated GROGAN, which GROGAN reported to Kravetz.

13.     After this exchange, it appeared to GROGAN that Hixson's treatment of her in front of other male employees set the tone for other males to treat her in a similar manner, as later described herein.

. . .

The Geddes Law Firm, P.C.
1575 Delucchi Lane, Suite 206
Reno, NV 89502
Phone 775-853-9455

14.   The harassment from Hixson escalated to the point GROGAN was unable to keep him out of her office.

15.   When GROGAN was in or out of her office within the construction trailer where they worked, Hixson would stalk her, and would aggressively confront GROGAN under the guise of "clearing the air."

16.   The confrontations by Hixson against GROGAN were aggressive, physical and scared GROGAN.  GROGAN shut her door when she came into work at 6:30 a.m. to avoid out Hixson, yet GROGAN could hear Hixson telling Joey Miguel in the common area about all the different types of guns Hixson owned and how easy it would be to "kill the bitch."

17.   GROGAN believed Hixson was referring to her when he would talk loudly about owning guns and "killing the bitch."

18.   Other employees witnessed that GROGAN was fearful of Hixson and would knock on GROGAN's office door to alert GROGAN when Hixson he entered the construction trailer to let GROGAN know he was there or not, and whether GROGAN could safely open her office door.

19.   GROGAN alleges the harassment by Hixson was based on her gender (female) as Hixson did not yell and rage against male employees for asking work-related questions or alternatively refuse to speak to males, Hixson did not physically enter aggressively their offices, physically intimidate male employees, our loudly speak about "killing the bitch" in reference to males, and he did not try to reassign the work of male employees to lesser qualified employees.

**Allegations Regarding Mark Wilkerson, Senior Project Manager**

20.   Shortly before Thanksgiving, 2019, Mark Wilkerson, Senior Project Manager, ("Wilkerson") asked GROGAN to come to his office.

21.   In Wilkerson's office, with the door closed, Wilkerson kept an open Bible and a plaque on his bookshelf stating "Jesus is at the wheel."

22.   Wilkerson explained that as an "unmarried, non-childbearing woman," GROGAN needed to step aside and make room for Joey Miguel.

23.   Wilkerson stated that had an administrative assistant position in mind for GROGAN , notwithstanding that GROGAN is a trained engineer,

The Geddes Law Firm, P.C.
1575 Delucchi Lane, Suite 206
Reno, NV 89502
Phone 775-853-9455

The Geddes Law Firm, P.C.
1575 Delucchi Lane, Suite 206
Reno, NV 89502
Phone 775-853-9455

24.     GROGAN objected to Wilkerson's request to step aside to make room for Joey Miguel, who was a younger, lesser qualified male; however, about twenty minutes after this conversation, Wilkerson entered GROGAN's office and told her to forward all of her completed work to Joey Miguel and Joey would turn it in for her.

25.     GROGAN rejected this idea and stated she would continue to turn in her work under her own name. Nevertheless, from that point forward, with one exception of sophisticated spreadsheets that GROGAN produced for Jeff Rowan, all work coming into or out of the office was diverted exclusively to Joey Miguel.

26.     Ultimately, Wilkerson reduced GROGAN's workload and responsibilities to menial tasks such as turning pages at the plan review meetings, reducing her inclusion in group work, and also suggested GROGAN keep the office clean, which were not tasks requested of younger or male employees.

27.     GROGAN alleges Wilkerson's discriminatory treatment and harassment of her was based on age and sex (female).

**Allegations Regarding Fan Chou, Project Manager**

28.     On many occasions Fan Chou ("Chou"), Project Manager, declared "SR Construction does not need any more old, tired, stupid, technologically challenged employees."

29.     Many times, Chou would state to GROGAN, "we're replacing them [older employees] with young blood, I have three applicants just like Joey Miguel (*i.e.*, a 25 year-old male)."

30.     GROGAN objected to Chou's statements, as GROGAN believed herself to be an extremely competent professional at the pinnacle of her career as an engineer.

31.     On or around January 21, 2020, another employee, Imee DeFriesta told GROGAN that Chou was going to pull GROGAN into a closed-door meeting later that morning to correct a problem Chou perceived that GROGAN did not socialize outside of work hours.

32.     The closed-door meeting never happened; however, around this time that GROGAN declined to socialize with Chou outside of work hours, Chou began coming to GROGAN'S office on the pretense of needing office supplies on GROGAN'S desk such as a stapler, pen or piece of tape, and

Chou would lean across her desk putting his groin area in GROGAN'S face as GROGAN was seated at her desk.

33.     GROGAN was forced to go to extreme lengths to avoid Chou in close quarters, such as working left-handed (GROGAN is right handed) and removing office tools from her desk to eliminate any pretense of Chou needing to lean across her desk.

34.     As well, at least once, sometimes twice per day, every day, Chou would also stealthily come into GROGAN's office and  would stand inches away from the right side of her body while she was seated at her desk.

35.     When GROGAN would sense his presence, GROGAN would turn in her chair and would be looking directly at Chou's groin area.

36.     After repeatedly asking Chou to step back GROGAN was frequently forced to take defensive action by quickly swiveling her chair around to place a barrier between herself and Chou's groin area when he would stealthily approach and .

37.     GROGAN alleges the hostile work environment created by Chou is based upon age and the sexual harassment of her was on her sex (female).

**Allegations Regarding Joe Garcia, and Common Allegations**

38.     On or around December 2, 2020,  GROGAN called her supervisor, Joe Garcia (Garcia), and gave him a status of the project and also complained to Garcia about harassment and discrimination she was being subjected to, citing the behaviors and incidents described above.

39.     GROGAN also told Garcia she was afraid of Hixson, citing the reasons outlined above.

40.     Garcia told GROGAN he didn't understand why employees in the Reno office were so dysfunctional  and the two discussed the relentless hostility and discrimination directed at GROGAN.

41.     Garcia told GROGAN the office needed her maturity and experience and Garcia asked GROGAN not to quit.

42.     Garcia then explained the concept of triangulation to GROGAN, stating that Hixson and Joey Miguel were "triangulating" GROGAN in a coordinated, synchronized attack, demonstrating Garcia's deep understanding and awareness of the ongoing harassment directed at GROGAN.

. . .

The Geddes Law Firm, P.C.
1575 Delucchi Lane, Suite 206
Reno, NV 89502
Phone 775-853-9455

43.     Garcia told GROGAN he would stop the harassment and that he was sending Fred Kravetz to the Reno Office to "protect her"; however, prompt appropriate and corrective action was never taken, and the harassment of GROGAN continued.

44.     Shortly before Christmas 2019, Garcia convened a meeting with himself on the phone from Las Vegas, Chou, Fred Kravetz, Hixson and GROGAN in her office in the construction trailer.

45.     Garcia had *GROGAN* confront Hixson regarding his aggression towards her.

46.     Rather than abate, Hixson's hostility and aggression against GROGAN intensified.

47.     Additionally, on or around Tuesday, February 11, 2020 Garcia travelled to Reno from Las Vegas, to attend the weekly schedule meeting with the local construction trade partners.

48.     GROGAN spoke numerous times to Garcia that day, but he refused to speak to her and froze her out the entire day.

49.     The next morning, on or around Wednesday, February 12, 20202,  GROGAN arrived at around 6:00 a.m. to prepare for a critical reception for the project owners.

50.     Garcia continued to ignore GROGAN, but would constantly glare at her, while continuing to refuse to speak to her in front of the entire office, further exacerbating the embarrassment, humiliation and stress GROGAN was already experiencing from the ongoing harassment.

51.     Garcia continued to deliberately freeze GROGAN out, refusing to speak to her or acknowledge her for two days during this critical time-period of meeting with project owners where tens of millions of dollars were at stake.

52.     At one point during the day on or around February 12th, despite Garcia's freezing GROGAN out and ignoring GROGAN, GROGAN offered Garcia the use of a logo she had created for a presentation.

53.     Garcia, surrounded by employees Joey Miguel, Fan Chou, Imee DeFriesta and Kaustubh Sontakke, spat back at GROGAN through gritted teeth, "I'm not talking to you, I'm talking to Imee."

54.     Garcia's alternately freezing GROGAN out and then chastising her through gritted teeth in front of the entire office-staff confirmed that Defendant SR CONSTRUCTION had failed to and was refusing to take prompt, appropriate and corrective action to remedy the ongoing discrimination and harassment against GROGAN.

The Geddes Law Firm, P.C.
1575 Delucchi Lane, Suite 206
Reno, NV 89502
Phone 775-853-9455

55.     After this exchange, GROGAN retreated to her office, humiliated and embarrassed by the treatment by Garcia, her supervisor, when Fred Kravetz came to her office and asked if GROGAN was attending the team building event at a bowling alley.

56.     GROGAN then-realized she had been excluded from invitation to the team building event, to continue freezing her out.

57.     In another instance between February 10-12, 2020, the employee group of Defendant was supposed to take a project photo in front of the of construction monument sign and GROGAN was intentionally not notified of the location change, even though the other employees were aware that GROGAN was onsite waiting to be in the group photo.

58.     After the photo incident, the other employees of Defendant went to lunch and the group sat at the other end of the long table, leaving GROGAN sitting alone at the other end of the table continuing to ostracize and humiliate her.

59.     In the early morning on or around February 14, 2020, GROGAN arrived at the construction trailer first, to retrieve her coat for an out-of-town trip, and found a pink, poop emoji wind-up toy on her desk, which GROGAN understood to be yet another instance of gender-based harassment against her.

60.     GROGAN advised Defendant that she would work from home until prompt, appropriate and corrective action was taken concerning the discrimination and retaliation she was being subjected to, which request to work from home was not refused.

61.     GROGAN was constructively discharged on or around February 24, 2020.

62.     On or around March 20, 2020, GROGAN timely initiated, or caused to be submitted a charge of unlawful discrimination the Equal Opportunity Commission ("EEOC") in EEOC Claim No. 550-2020-01127, which alleged violations of Title VII, the ADEA and retaliation.

63.     On July 24, 2020, the EEOC issued a "right-to-sue letter" for the harassment and retaliation claims of this case, set forth in EEOC Claim No. 550-2020-01127 pursuant to 42 U.S.C. § 2000e-5(f), and GROGAN timely filed the instant suit within ninety (90) days of the receipt of this "right-to-sue letter."

. . .

The Geddes Law Firm, P.C.
1575 Delucchi Lane, Suite 206
Reno, NV 89502
Phone 775-853-9455

***FEDERAL LAW CLAIMS***

**V.**

**FIRST CLAIM FOR RELIEF**

**DISCRIMINATION BASED ON SEX**
**(Title VII - 42 U.S.C. § 2000e-2 *et seq.*)**

64. GROGAN incorporates by reference all prior allegations of this *Complaint*, as though fully set forth herein.

65. GROGAN is a person entitled to the protection under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-2 *et seq.*

66. Defendant SR CONSTRUCTION is an employer having at least fifteen employees, which had a legal obligation, pursuant to Title VII, 42 U.S.C. § 2000e-2 *et seq.,* as amended, and its own internal policies, to maintain a workplace free from unlawful discrimination based on sex.

67. GROGAN was subjected to discriminatory treatment during her employment with Defendant SR CONSTRUCTION and this conduct was based upon and directed at GROGAN by reason of her sex.

68. GROGAN notified Defendant SR CONSTRUCTION, which was otherwise aware, of the discriminatory conduct through its employees and agents and third-parties but Defendant SR CONSTRUCTION failed to take any appropriate corrective action.

69. This discriminatory based on sex was sufficiently severe and pervasive so as to unreasonably interfere with GROGAN's physical health and work performance, so as to create an intimidating, hostile and offensive working environment.

70. As a direct and proximate result of the harassing and discriminatory treatment of Defendant SR CONSTRUCTION, including through its employees and agents and third-parties, GROGAN has suffered, and continues to suffer, economic losses, including lost wages and benefits, back pay, front pay, physical and emotional harm, including mental anguish, inconvenience, and the loss of enjoyment of life, for which GROGAN is entitled to compensatory and equitable damages, in an amount to be proven at trial.

71. Defendant SR CONSTRUCTION's conduct, including through its employees and

The Geddes Law Firm, P.C.
1575 Delucchi Lane, Suite 206
Reno, NV 89502
Phone 775-853-9455

agents, was willful, malicious, and/or engaged in with a reckless indifference to the health, safety, wellbeing, and federally-protected rights of GROGAN— warranting an award of punitive damages, to punish Defendant SR CONSTRUCTION, in an amount determined by a jury at trial, according to law.

72.     As a result of such intentional, unlawful, and discriminatory conduct against GROGAN by Defendant SR CONSTRUCTION, including through its employees and agents, GROGAN has had to retain the services of attorneys in this matter, and therefore, is entitled to, and seeks reimbursement for, her attorneys' fees and costs, her expert-witness fees, and her court costs, in an amount to be proven at trial.

73.     As a result of such intentional, unlawful, and discriminatory conduct against GROGAN by Defendant SR CONSTRUCTION, including through its employees and agents, GROGAN is entitled to, and seeks, declaratory relief, in the form of a declaration by this Court, that Defendant SR CONSTRUCTION violated GROGAN's rights.

**VI.**

**SECOND CLAIM FOR RELIEF**
**SEXUAL HARASSMENT**

**(Title VII - 42 U.S.C. § 2000e-2 *et seq.*)**

74.     GROGAN incorporates by reference all prior allegations of this *Complaint*, as though fully set forth herein.

75.      GROGAN is a person entitled to the protection under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-2 *et seq.*

76.     Defendant SR CONSTRUCTION is an employer having at least fifteen employees, which had a legal obligation, pursuant to Title VII, 42 U.S.C. § 2000e-2 *et seq.,* as amended, and its own internal policies, to maintain a workplace free from unlawful sexual harassment and hostile work environment.

77.     GROGAN was subjected to unwelcome, offensive and harassing sexually discriminatory conduct during her employment with Defendant SR CONSTRUCTION and this conduct was based upon and directed at GROGAN by reason of her sex.

78.     GROGAN notified Defendant SR CONSTRUCTION, which was otherwise aware, of

The Geddes Law Firm, P.C.
1575 Delucchi Lane, Suite 206
Reno, NV 89502
Phone 775-853-9455

the sexually harassing conduct but Defendant SR CONSTRUCTION failed to take any appropriate corrective action.

79.     This sexually harassing and discriminatory conduct was sufficiently severe and pervasive so as to unreasonably interfere with GROGAN's physical health and work performance, so as to create an intimidating, hostile and offensive working environment.

80.     As a direct and proximate result of the harassing and hostile sexual environment of Defendant SR CONSTRUCTION, including through its employees and agents and third-parties, GROGAN has suffered, and continues to suffer, economic losses, including lost wages and benefits, back pay, front pay, physical and emotional harm, including mental anguish, inconvenience, and the loss of enjoyment of life, for which GROGAN is entitled to compensatory and equitable damages, in an amount to be proven at trial.

81.     Defendant SR CONSTRUCTION's conduct, including through its employees and agents, was willful, malicious, and/or engaged in with a reckless indifference to the health, safety, wellbeing, and federally-protected rights of GROGAN— warranting an award of punitive damages, to punish Defendant SR CONSTRUCTION, in an amount determined by a jury at trial, according to law.

82.     As a result of such intentional, unlawful, and discriminatory conduct against GROGAN by Defendant SR CONSTRUCTION, including through its employees and agents, GROGAN has had to retain the services of attorneys in this matter, and therefore, is entitled to, and seeks reimbursement for, her attorneys' fees and costs, her expert-witness fees, and her court costs, in an amount to be proven at trial.

83.     As a result of such intentional, unlawful, and discriminatory conduct against GROGAN by Defendant SR CONSTRUCTION, including through its employees and agents, GROGAN is entitled to, and seeks, declaratory relief, in the form of a declaration by this Court, that Defendant SR CONSTRUCTION violated GROGAN's rights.

. . .

. . .

. . .

. . .

The Geddes Law Firm, P.C.
1575 Delucchi Lane, Suite 206
Reno, NV 89502
Phone 775-853-9455

The Geddes Law Firm, P.C.
1575 Delucchi Lane, Suite 206
Reno, NV 89502
Phone 775-853-9455

**VI.**

**THIRD CLAIM FOR RELIEF**

**HOSTILE WORK ENVIRONMENT BASED ON AGE**
**(ADEA - 29 U.S.C. § 623 *et seq.*)**

84.     GROGAN incorporates by reference all prior allegations of this *Complaint*, as though fully set forth herein.

85.      GROGAN is a person entitled to the protection under ADEA, 29 U.S.C. § 623 *et seq.*

86.     Defendant SR CONSTRUCTION is an employer having at least twenty employees, which had a legal obligation, pursuant to ADEA, and its own internal policies, to maintain a workplace free from unlawful harassment and disparate treatment in whole or in part because of her age.

87.     GROGAN was subjected to harassment during her employment with Defendant SR CONSTRUCTION and this conduct was directed at GROGAN by reason of her age, which was over 40.

88.     This discriminatory conduct because of GROGAN's age was sufficiently severe and pervasive so as to unreasonably interfere with GROGAN's physical health and work performance, so as to create an intimidating, hostile and offensive working environment.

89.     Management level employees of Defendant SR CONSTRUCTION knew or should have known of the abusive conduct.

90.     As a direct and proximate result of the harassment of Defendant SR CONSTRUCTION, including through its employees and agents and third-parties, GROGAN has suffered, and continues to suffer, economic losses, including lost wages and benefits, back pay, front pay, for which GROGAN is entitled to compensatory and equitable damages, in an amount to be proven at trial.

91.     Defendant SR CONSTRUCTION's conduct, including through its employees and agents, was willful, malicious, and/or engaged in with a reckless indifference to the health, safety, wellbeing, and federally-protected rights of GROGAN— warranting an award of liquidated damages, in an amount determined by a jury at trial, according to law.

92.     As a result of such intentional, unlawful, and discriminatory conduct against GROGAN by Defendant SR CONSTRUCTION, including through its employees and agents, GROGAN has had

to retain the services of attorneys in this matter, and therefore, is entitled to, and seeks reimbursement for, her attorneys' fees and costs, her expert-witness fees, and her court costs, in an amount to be proven at trial.

93.     As a result of such intentional, unlawful, and discriminatory conduct against GROGAN by Defendant SR CONSTRUCTION, including through its employees and agents, GROGAN is entitled to, and seeks, declaratory relief, in the form of a declaration by this Court, that Defendant SR CONSTRUCTION violated GROGAN's rights.

**VIII.**

**FOURTH CLAIM FOR RELIEF**

**RETALIATION**
**(Title VII - 42 U.S.C. § 2000e-3 *et seq.*)**

94.     GROGAN incorporates by reference all prior allegations of this *Complaint*, as though fully set forth herein.

95.     As alleged herein, Defendant SR CONSTRUCTION, by and through its officers, managing agents and/or its supervisors, illegally retaliated against GROGAN by freezing her out, removing and reassigning her duties and constructively discharging her, because she had reported the aforementioned discrimination and harassment.

96.     Defendant SR CONSTRUCTION had no legitimate reasons for any such act.  Each said act is in violation of the anti-retaliation provisions of 42 U.S.C. § 2000e-3 *et seq.*

97.     As a direct and proximate result of the Defendant SR CONSTRUCTION, including through its employees and agents and third-parties, intentional discrimination and retaliation, GROGAN has suffered, and continues to suffer, economic losses, including lost wages and benefits, back pay, front pay, physical and emotional harm, including mental anguish, inconvenience, and the loss of enjoyment of life, for which GROGAN is entitled to compensatory and equitable damages, in an amount to be proven at trial.

98.     Defendant SR CONSTRUCTION's conduct, including through its employees and agents, was willful, malicious, and/or engaged in with a reckless indifference to the health, safety,

The Geddes Law Firm, P.C.
1575 Delucchi Lane, Suite 206
Reno, NV 89502
Phone 775-853-9455

wellbeing, and federally-protected rights of GROGAN—warranting an award of punitive damages, to punish Defendant SR CONSTRUCTION, in an amount determined by a jury at trial, according to law.

99.     As a result of such intentional, unlawful, and discriminatory conduct against GROGAN by Defendant SR CONSTRUCTION, including through its employees and agents, GROGAN has had to retain the services of attorneys in this matter, and therefore, is entitled to, and seeks reimbursement for, her attorneys' fees and costs, her expert-witness fees, and her court costs, in an amount to be proven at trial.

100.     As a result of such intentional, unlawful, and discriminatory conduct and retaliation against GROGAN by Defendant SR CONSTRUCTION, including through its employees and agents, GROGAN is entitled to, and seeks, declaratory relief, in the form of a declaration by this Court, that Defendant SR CONSTRUCTION violated GROGAN's rights.

## IX.

### FIFTH CLAIM FOR RELIEF

### RETALIATION
### (ADEA – 29 U.S.C. § 623(d))

101.     GROGAN incorporates by reference all prior allegations of this *Complaint*, as though fully set forth herein.

102.     As alleged herein, Defendant SR CONSTRUCTION, by and through its officers, managing agents and/or its supervisors, illegally retaliated against GROGAN by freezing her out, removing and reassigning her duties and constructively discharging her, because she had reported the aforementioned discrimination and harassment.

103.     Defendant SR CONSTRUCTION had no legitimate reasons for any such act.  Each said act is in violation of the anti-retaliation provisions of 29 U.S.C. § 623(d).

104.     As a direct and proximate result of the Defendant SR CONSTRUCTION, including through its employees and agents and third-parties, intentional discrimination and retaliation, GROGAN has suffered, and continues to suffer, economic losses, including lost wages and benefits, back pay, front pay, physical and emotional harm, including mental anguish, inconvenience, and the loss of enjoyment of life, for which GROGAN is entitled to compensatory and equitable damages, in an

The Geddes Law Firm, P.C.
1575 Delucchi Lane, Suite 206
Reno, NV 89502
Phone 775-853-9455

amount to be proven at trial.

105.   Defendant SR CONSTRUCTION's conduct, including through its employees and agents, was willful, malicious, and/or engaged in with a reckless indifference to the health, safety, wellbeing, and federally-protected rights of GROGAN—warranting an award of punitive damages, to punish Defendant SR CONSTRUCTION, in an amount determined by a jury at trial, according to law.

106.   As a result of such intentional, unlawful, and discriminatory conduct against GROGAN by Defendant SR CONSTRUCTION, including through its employees and agents, GROGAN has had to retain the services of attorneys in this matter, and therefore, is entitled to, and seeks reimbursement for, her attorneys' fees and costs, her expert-witness fees, and her court costs, in an amount to be proven at trial.

107.   As a result of such intentional, unlawful, and discriminatory conduct and retaliation against GROGAN by Defendant SR CONSTRUCTION, including through its employees and agents, GROGAN is entitled to, and seeks, declaratory relief, in the form of a declaration by this Court, that Defendant SR CONSTRUCTION violated GROGAN's rights.

### *STATE LAW CLAIMS*

### X.

### SIXTH CLAIM FOR RELIEF

### DISCRIMINATION BASED ON SEX
### (NRS 613.330.)

108.   GROGAN incorporates by reference all prior allegations of this *Complaint*, as though fully set forth herein.

109.   GROGAN is a person entitled to the protection under NRS 613.330.

110.   Defendant SR CONSTRUCTION is an employer having at least fifteen employees, which had a legal obligation, pursuant to NRS 613.330, and its own internal policies, to maintain a workplace free from unlawful discrimination based on sex.

111.   GROGAN was subjected to discriminatory treatment during her employment with Defendant SR CONSTRUCTION and this conduct was based upon and directed at GROGAN by reason of her sex.

The Geddes Law Firm, P.C.
1575 Delucchi Lane, Suite 206
Reno, NV 89502
Phone 775-853-9455

112.   GROGAN notified Defendant SR CONSTRUCTION, which was otherwise aware, of the discriminatory conduct through its employees and agents and third-parties but Defendant SR CONSTRUCTION failed to take any appropriate corrective action.

113.   This discriminatory based on sex was sufficiently severe and pervasive so as to unreasonably interfere with GROGAN's physical health and work performance, so as to create an intimidating, hostile and offensive working environment.

114.   As a direct and proximate result of the harassing and discriminatory treatment of Defendant SR CONSTRUCTION, including through its employees and agents and third-parties, GROGAN has suffered, and continues to suffer, economic losses, including lost wages and benefits, back pay, front pay, physical and emotional harm, including mental anguish, inconvenience, and the loss of enjoyment of life, for which GROGAN is entitled to compensatory and equitable damages, in an amount to be proven at trial.

115.   Defendant SR CONSTRUCTION's conduct, including through its employees and agents, was willful, malicious, and/or engaged in with a reckless indifference to the health, safety, wellbeing, and federally-protected rights of GROGAN— warranting an award of punitive damages, to punish Defendant SR CONSTRUCTION, in an amount determined by a jury at trial, according to law.

116.   As a result of such intentional, unlawful, and discriminatory conduct against GROGAN by Defendant SR CONSTRUCTION, including through its employees and agents, GROGAN has had to retain the services of attorneys in this matter, and therefore, is entitled to, and seeks reimbursement for, her attorneys' fees and costs, her expert-witness fees, and her court costs, in an amount to be proven at trial.

117.   As a result of such intentional, unlawful, and discriminatory conduct against GROGAN by Defendant SR CONSTRUCTION, including through its employees and agents, GROGAN is entitled to, and seeks, declaratory relief, in the form of a declaration by this Court, that Defendant SR CONSTRUCTION violated GROGAN's rights.

. . .

. . .

. . .

The Geddes Law Firm, P.C.
1575 Delucchi Lane, Suite 206
Reno, NV 89502
Phone 775-853-9455

**XI.**

**SEVENTH CLAIM FOR RELIEF**
**SEXUAL HARASSMENT**

**(NRS 613.330)**

118.    GROGAN incorporates by reference all prior allegations of this *Complaint*, as though fully set forth herein.

119.     GROGAN is a person entitled to the protection under NRS 613.330.

120.    Defendant SR CONSTRUCTION is an employer having at least fifteen employees, which had a legal obligation, pursuant to NRS 613.330, and its own internal policies, to maintain a workplace free from unlawful sexual harassment and hostile work environment.

121.    GROGAN was subjected to unwelcome, offensive and harassing sexually discriminatory conduct during her employment with Defendant SR CONSTRUCTION and this conduct was based upon and directed at GROGAN by reason of her sex.

122.    GROGAN notified Defendant SR CONSTRUCTION, which was otherwise aware, of the sexually harassing conduct but Defendant SR CONSTRUCTION failed to take any appropriate corrective action.

123.    This sexually harassing and discriminatory conduct was sufficiently severe and pervasive so as to unreasonably interfere with GROGAN's physical health and work performance, so as to create an intimidating, hostile and offensive working environment.

124.    As a direct and proximate result of the harassing and hostile sexual environment of Defendant SR CONSTRUCTION, including through its employees and agents and third-parties, GROGAN has suffered, and continues to suffer, economic losses, including lost wages and benefits, back pay, front pay, physical and emotional harm, including mental anguish, inconvenience, and the loss of enjoyment of life, for which GROGAN is entitled to compensatory and equitable damages, in an amount to be proven at trial.

125.    Defendant SR CONSTRUCTION's conduct, including through its employees and agents, was willful, malicious, and/or engaged in with a reckless indifference to the health, safety, wellbeing, and federally-protected rights of GROGAN— warranting an award of punitive damages, to

The Geddes Law Firm, P.C.
1575 Delucchi Lane, Suite 206
Reno, NV 89502
Phone 775-853-9455

1   punish Defendant SR CONSTRUCTION, in an amount determined by a jury at trial, according to law.

2       126.    As a result of such intentional, unlawful, and discriminatory conduct against GROGAN

3   by Defendant SR CONSTRUCTION, including through its employees and agents, GROGAN has had

4   to retain the services of attorneys in this matter, and therefore, is entitled to, and seeks reimbursement

5   for, her attorneys' fees and costs, her expert-witness fees, and her court costs, in an amount to be

6   proven at trial.

7       127.    As a result of such intentional, unlawful, and discriminatory conduct against GROGAN

8   by Defendant SR CONSTRUCTION, including through its employees and agents, GROGAN is

9   entitled to, and seeks, declaratory relief, in the form of a declaration by this Court, that Defendant SR

10  CONSTRUCTION violated GROGAN's rights.

11                              **XII.**

12                      **EIGHTH CLAIM FOR RELIEF**

13          **HOSTILE WORK ENVIRONMENT BASED ON AGE**
14                          **(NRS 613.330)**

15      128.    GROGAN incorporates by reference all prior allegations of this *Complaint*, as though

16  fully set forth herein.

17      129.     GROGAN is a person entitled to the protection under NRS 613.330.

18      130.    GROGAN was subjected to harassment during her employment with Defendant SR

19  CONSTRUCTION and this conduct was directed at GROGAN by reason of her age, which was over

20  40.

21      131.    The conduct was so severe or pervasive that a reasonable person in GROGAN's position

22  would find GROGAN's work environment to be hostile or abusive, and GROGAN believed her work

23  environment to be hostile or abusive.

24      132.    Management level employees of Defendant SR CONSTRUCTION knew or should have

25  known of the abusive conduct.

26      133.    As a direct and proximate result of the harassment of Defendant SR CONSTRUCTION,

27  including through its employees and agents and third-parties, GROGAN has suffered, and continues to

28  suffer, economic losses, including lost wages and benefits, back pay, front pay, for which GROGAN is

The Geddes Law Firm, P.C.
1575 Delucchi Lane, Suite 206
Reno, NV 89502
Phone 775-853-9455

18

entitled to compensatory and equitable damages, in an amount to be proven at trial.

134.    Defendant SR CONSTRUCTION's conduct, including through its employees and agents, was willful, malicious, and/or engaged in with a reckless indifference to the health, safety, wellbeing, and federally-protected rights of GROGAN— warranting an award of liquidated damages, in an amount determined by a jury at trial, according to law.

135.    As a result of such intentional, unlawful, and discriminatory conduct against GROGAN by Defendant SR CONSTRUCTION, including through its employees and agents, GROGAN has had to retain the services of attorneys in this matter, and therefore, is entitled to, and seeks reimbursement for, her attorneys' fees and costs, her expert-witness fees, and her court costs, in an amount to be proven at trial.

136.    As a result of such intentional, unlawful, and discriminatory conduct against GROGAN by Defendant SR CONSTRUCTION, including through its employees and agents, GROGAN is entitled to, and seeks, declaratory relief, in the form of a declaration by this Court, that Defendant SR CONSTRUCTION violated GROGAN's rights.

### XIII.

### NINTH CLAIM FOR RELIEF

### RETALIATION
### (NRS 613.340)

137.    GROGAN incorporates by reference all prior allegations of this *Complaint*, as though fully set forth herein.

138.    As alleged herein, Defendant SR CONSTRUCTION, by and through its officers, managing agents and/or its supervisors, illegally retaliated against GROGAN by freezing her out, removing and reassigning her duties and constructively discharging her, because she had reported the aforementioned discrimination and harassment.

139.    Defendant SR CONSTRUCTION had no legitimate reasons for any such act.  Each said act is in violation of the anti-retaliation provisions of NRS 613.340.

140.    As a direct and proximate result of the Defendant SR CONSTRUCTION, including through its employees and agents and third-parties, intentional discrimination and retaliation,

The Geddes Law Firm, P.C.
1575 Delucchi Lane, Suite 206
Reno, NV 89502
Phone 775-853-9455

GROGAN has suffered, and continues to suffer, economic losses, including lost wages and benefits, back pay, front pay, physical and emotional harm, including mental anguish, inconvenience, and the loss of enjoyment of life, for which GROGAN is entitled to compensatory and equitable damages, in an amount to be proven at trial.

141.   Defendant SR CONSTRUCTION's conduct, including through its employees and agents, was willful, malicious, and/or engaged in with a reckless indifference to the health, safety, wellbeing, and federally-protected rights of GROGAN—warranting an award of punitive damages, to punish Defendant SR CONSTRUCTION, in an amount determined by a jury at trial, according to law.

142.   As a result of such intentional, unlawful, and discriminatory conduct against GROGAN by Defendant SR CONSTRUCTION, including through its employees and agents, GROGAN has had to retain the services of attorneys in this matter, and therefore, is entitled to, and seeks reimbursement for, her attorneys' fees and costs, her expert-witness fees, and her court costs, in an amount to be proven at trial.

143.   As a result of such intentional, unlawful, and discriminatory conduct and retaliation against GROGAN by Defendant SR CONSTRUCTION, including through its employees and agents, GROGAN is entitled to, and seeks, declaratory relief, in the form of a declaration by this Court, that Defendant SR CONSTRUCTION violated GROGAN's rights.

## XIV.

## PRAYER FOR RELIEF

WHEREFORE, GROGAN prays for judgment against Defendant SR CONSTRUCTION, as follows:

1.   For equitable relief, including back pay and front pay;

2.   For general, compensatory damages on all claims, in an amount to be proven at trial;

3.   For special, compensatory damages on all claims, in an amount to be proven at trial;

4.   For past and future compensatory damages, including incidental and consequential losses, incurred by reason of Defendant's acts, omissions, carelessness, negligence, deliberate indifference, and other culpable conduct described herein, in an amount to be proven at trial;

The Geddes Law Firm, P.C.
1575 Delucchi Lane, Suite 206
Reno, NV 89502
Phone 775-853-9455

The Geddes Law Firm, P.C.
1575 Delucchi Lane, Suite 206
Reno, NV 89502
Phone 775-853-9455

5.   For exemplary and punitive damages, as allowed by law;

6.   For liquidated damages, as allowed by law;

7.   For costs of the suit incurred herein;

8.   For attorneys' fees, costs, and prejudgment interest, as allowed by law;

9.   For experts' fees, costs as allowed by law, in an amount in an amount to be determined at trial;

10.  For Declaratory relief, equitably determined by the Court at trial. Pursuant to 28 U.S.C. § 2201, Federal Rule of Civil Procedure 57, 42 U.S.C. §§ 2000e-5, NRS 30.070, NRS 30.100, NRS 613.333, and the Court's inherent equitable powers, GROGAN seeks, and is entitled to have, declaratory relief awarded in her favor, to declare her rights and the obligations of Defendant SR CONSTRUCTION, which matters are now in controversy or dispute, where such declaratory relief is necessary and proper to the termination of the disputes raised herein, including as specifically prayed for below, including declaratory relief whereby the Court issues a declaration that Defendant SR CONSTRUCTION unlawfully discriminated against GROGAN in violation of the Title VII and NRS 613.330, the ADEA and NRS 613.340, and otherwise violated GROGAN's rights under federal law and state law, as alleged herein, and regarding the rights and obligations of the parties, relating to GROGAN's employment and re-employment;

11.  Based on the foregoing, GROGAN has suffered an irreparable injury, and the remedies available at law, such as monetary damages, are inadequate to compensate for that injury.  This inadequacy is, in part, based on the fact that Defendant SR CONSTRUCTION currently maintaining false and disparaging information about GROGAN's work performance and tenure at Defendant SR CONSTRUCTION, which will be discovered by third parties, including prospective employers of GROGAN, which will interfere with her ability to obtain employment, including re-employment at Defendant SR CONSTRUCTION.  As such GROGAN is entitled to injunctive relief, including an injunction compelling Defendant:

(a)   To remove false, adverse information contained in her personnel files relating to

the claims of this case;

    (b)    To provide only a "neutral" job reference concerning GROGAN's tenure at Defendant SR CONSTRUCTION, to all inquiring prospective employers; and

    (c)    To reinstate GROGAN's employment at SR CONSTRUCTION, if feasible and appropriate, with full pay and benefits, as if never terminated.

Considering the balance of hardships between Plaintiff and Defendant, a remedy in equity is warranted, and the public interest would not be disserved by issuance of such injunctive relief. GROGAN herein seeks Injunctive relief, equitably determined by the Court at trial;

12.    For such other relief as the Court may deem just and proper; and

13.    Pursuant to the *Federal Rules of Civil Procedure*, Rule 38, Plaintiff demands a trial by jury on all issues triable by right of a jury.

Dated this 22nd Day of October 2020.

THE GEDDES LAW FIRM, P.C.

KRISTEN R. GEDDES
Nevada Bar Number 9027
The Geddes Law Firm, P.C.
1575 Delucchi Lane, Suite 206
Reno, Nevada 89502
(775) 853-9455
*Attorneys for Plaintiff Mona Grogan*

The Geddes Law Firm, P.C.
1575 Delucchi Lane, Suite 206
Reno, NV 89502
Phone 775-853-9455