WILLIAM J. GEDDES
Nevada Bar No. 6984
KRISTEN R. GEDDES
Nevada Bar No. 9027
THE GEDDES LAW FIRM, P.C.
1575 Delucchi Lane, Suite 206
Reno, Nevada 89502
Phone: (775) 853-9455
Fax: (775) 299-5337
Email: Will@TheGeddesLawFirm.com
Email: Kristen@TheGeddesLawFirm.com
*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

MONA GROGAN, an individual,

                    Plaintiff,

vs.

SR CONSTRUCTION, INC., a domestic corporation.

                    Defendant.

CASE NO: 3:20-cv-00597-MMD-WGC

**STIPULATED PROTECTIVE ORDER**
**Regarding**

**CONFIDENTIALITY OF DOCUMENTS**
**PRODUCED IN LITIGATION**

Pursuant to Federal Rule of Civil Procedure ("Fed. R. Civ. P.") 26(f) and U.S. District Court of Nevada Rule ("Local Rule") 26-1(a), the parties through their respective counsel, hereby submit the following *Stipulated Protective Order*.

I.      **RECITALS**

WHEREAS: the parties to the above-captioned litigation anticipate that discovery will require the parties to disclose records and information that are confidential and sensitive; such records are anticipated to include the parties' private employment records, or any other personally identifiable information subject to protection under the Federal Rules of Civil Procedure or Nevada law ("Confidential Information"); and

WHEREAS: the parties seek to protect and prevent the improper dissemination of such "Confidential Information" to third parties, during the course of litigation and after the litigation has ended;

1

II.   **STIPLUATION**

THEREFORE: the parties, by and through their respective counsel of record, hereby stipulate and request the Court issue an Order ("*Stipulated Protective Order*"), protecting the confidential nature of certain records and information as may be produced during the course of the above-captioned matters, as follows:

1.   If any person or entity, whether or not a party to the instant action, produces or receives answers to interrogatories, or documents or other things, which the producing or receiving person or entity considers to be "Confidential Information," as defined herein in § II(3)(A)(I) *infra*; or

2.   If there is deposition testimony which any person or entity, whether or not a party to the instant action, believes contains "Confidential Information," as defined herein in § II(3)(A)(I) *infra*; or

3.   Third parties produce information which the third-parties assert is confidential, the following procedure shall govern pursuant to Fed. R. Civ. P. 26(c) *et. seq*.:

A.   Any documents (and the contents thereof), things or information falling within the definition of "Confidential Information," set forth herein in § II(3)(A)(I) *infra*, that are produced may be designated and marked, in whole or in part, without regard to whether redactions are made, "Confidential" by the party producing the documents or information, at the time the documents are delivered to or made available for inspection by any party;

I.   "Confidential Information" is defined herein as: (a) employment records of any employees or former employees of any party; (b) confidential notes, memoranda, and statements regarding non-party employees; (c) confidential information concerning the discipline and/or termination of non-party employees and former employees; (d) the production of information or documents proprietary to any party, including by way of example and not limitation, tax records, financial statements; (e) other private information of any party or non-party to the present litigation, including consumer records, *e.g.*, phone bills; (f) financial records and business records of any person or entity, whether a party or non-party to the present litigation; or (g) medical records, including medical bills and psychological records, and medical information of any person, whether a party or non-party to the present litigation.

B.   If a party produces to another party items that contain Confidential Information

The Geddes Law Firm, P.C.
1575 Delucchi Lane, Suite 206
Reno, NV 89502
Phone 775-853-9455

as defined above, that party may designate one or more documents, or a portion of a document, as "Confidential" before producing that document to the other party.  Such designation shall be made by marking, stamping or typing the word "Confidential" on each page of the document at the time it is produced to the receiving party's counsel;

C.    Any party may designate deposition testimony as "Confidential" by orally making such a designation on the record either at the commencement of the deposition, at the time the testimony is given, and/or before the end of that day's questioning.  Following such a designation, the court reporter shall mark "Confidential" on the transcript or the portion thereof containing the "Confidential" testimony;

D.    In addition, documents or items produced by one party may be designated "Confidential" by the other party, *i.e.*, the receiving party, by:

I.    marking the document, in whole or in part, "Confidential" in the same manner as stated above; and

II.    then forwarding a copy of the marked document back to the producing party;

E.    In this regard, the receiving party seeking the "Confidential" designation may designate, by number, each document it believes should be "Confidential";

F.    If the receiving party has no objection to the "Confidential" designation made by the producing party, the receiving party may either expressly notify the producing party or allow the ten calendar-day objection period (set forth below) to lapse.  Where there has been no written objection made, once a document or item has been produced and designated as provided herein to the receiving party, the document or item shall be treated as "Confidential," respectively, pursuant to this *Stipulated Protective Order*, until further order of the Court;

4.    The following protocol shall apply in the event of an objection to a designation of "Confidential":

A.    If there is an objection to the "Confidential" designation, the party so objecting must notify the other party in writing of both the objection and the grounds for the objection within twenty-five (25) calendar days from the date the designation was made or the document(s)/item(s)

The Geddes Law Firm, P.C.
1575 Delucchi Lane, Suite 206
Reno, NV 89502
Phone 775-853-9455

1   received, whichever is later, and the procedure herein in § II(4)(B) *infra*, shall apply;

2      B. If the parties do not agree that the documents, information or testimony should

3   be treated as confidential, the parties shall attempt to resolve the issue by meeting and conferring.  If a

4   resolution does not occur, either party may file a motion with the Court to resolve the dispute.  Such

5   motion must be filed within thirty (30) calendar days of receipt of the written objection to the

6   designation, unless stipulated otherwise by counsel.  If an objection has been raised, the documents,

7   testimony and/or information at issue shall be governed by §§ II (3)(A)-(F), inclusive, of this *Stipulated*

8   *Protective Order*, and treated and regarded as "Confidential" from the date of disclosure and/or

9   production until the dispute is resolved informally by the parties or a final order is issued by the Court

10   resolving the dispute.  In the event of such motion, the parties having entered into this *Stipulation* and

11   the existence of the Court's *Order* entered thereon shall not affect the burden of proof on any such

12   motion, nor impose any burdens upon any party that would not exist had this *Stipulated Protective*

13   *Order* not been entered;

14      5. A document or testimony, or portion, summary, or abstract thereof, that is to be treated

15   "Confidential" pursuant to this *Stipulated Protective Order* shall not be disclosed to, revealed to or

16   discussed with any persons other than the parties, counsel of record for the parties, attorneys, legal

17   assistants and clerical personnel employed by them, and other persons to whom disclosure is necessary

18   for the purposes of this litigation. (This allows disclosure to the officers, directors, employees or former

19   employees of the parties, persons requested by counsel for any party to furnish technical or expert

20   service or to give expert testimony with regard to the subject matter of the document(s), item(s) or

21   expert testimony for the trial of this action).  However, each such person to whom a party makes such

22   disclosure shall read this *Stipulated Protective Order* and acknowledge in writing that he/she is fully

23   familiar with the terms hereof and agrees to comply with, and be bound by, this *Stipulated Protective*

24   *Order* until modified by either further order of the Court or agreement of all the affected parties;

25      6. Anyone seeking to file any "Confidential" documents, testimony, or information or any

26   pleadings or memorandum purporting to reproduce or paraphrase all or any portion of such confidential

27   material with this Court must first attempt to make such filings confidentially, by seeking to obtain

28   prior leave of Court for filing the same under seal.  Notwithstanding any agreement among the parties,

The Geddes Law Firm, P.C.
1575 Delucchi Lane, Suite 206
Reno, NV 89502
Phone 775-853-9455

4

the party seeking to file a paper under seal bears the burden of overcoming the presumption in favor of public access to papers filed in Court. Any motion regarding filing confidential information and motions to seal shall comply with LR IA 10-5 and the requirements of *Kamakana v. City and County of Honolulu*, 447 F.3d 1172 (9th Cir. 2006).  *See also, Center for Auto Safety v. Chrysler Group*, LLC, 809 F.3d 1092, 1097 (9th Cir. 2016).  NOTE: If the document is filed electronically, the appropriate protocol for that purpose will be utilized;

7.     If such application for leave of Court to file any document(s) under seal is denied, then the party who sought leave will be relieved, in that instance only, and only as to such documents for which leave of Court was denied, from complying with this stipulation in relation to that filing;

8.     Any documents, testimony, and/or information that has been rendered "Confidential" under the parties' *Stipulated Protective Order* and any other information produced or exchanged in the course of this case (other than information that is publicly available) is to be used only in the above-captioned action, and may not be used in any other action or for any other purpose unless the party seeking to make such use has acquired the documents, testimony, and/or information from a source independent of the above-captioned action;

9.     Within forty-five (45) calendar days of the entry of the final order concluding this judicial proceeding, all "Confidential" documents or things; any copies, summaries, and abstracts thereof; or notes relating thereto, shall be returned to the producing party or destroyed by the receiving party (including by being shredded), at the option of the receiving party, with proof or attestation of such destruction of records being transmitted by the receiving party to the producing party, except as otherwise ordered by the Court or stipulated in writing by the parties.  Counsel of record shall obtain return of such information, things, and/or documents from any person to whom that counsel has made available the documents or information produced by the other party designated as "Confidential." Notwithstanding any other language contained in this *Order*, each party's counsel of record shall be allowed to retain for its files a copy of all pleadings, motions, exhibits, or other papers filed and/or lodged with the Court, and of all documents designated by both parties or any non-party as "Confidential" and/or summaries or abstracts thereof (including but not limited to documents of any type prepared by a party and/or counsel that are subject to the attorney-client privilege and/or the

The Geddes Law Firm, P.C.
1575 Delucchi Lane, Suite 206
Reno, NV 89502
Phone 775-853-9455

5

attorney work-product doctrine).  All such documents and information retained by counsel of record must be maintained in a confidential manner and used only in accordance with this *Order*.

10.     This *Stipulated Protective Order* may be amended, without prior leave of the Court, by the agreement of counsel for the parties in the form of a stipulation and order that shall be filed in this case.  Nothing herein shall be construed so as to prevent any party from seeking relief from this *Order* at any time;

11.     The terms of this *Stipulated Protective Order* do not preclude, limit, or otherwise apply to the use of documents at trial;

12.     Nothing herein shall be deemed to waive any applicable privilege or work product protection, or to affect the ability of a party to seek relief for an inadvertent disclosure or material protected by privilege or the work product doctrine;

13.     Any witness or other person, firm or entity from which discovery is sought may be informed of and may obtain the protection of this *Stipulated Protective Order* by written advice of the parties' respective counsel or by oral advice at the time of any deposition or similar proceeding; and

14.     The parties reserve their rights to assert the confidentiality of documents and

. . .

. . .

. . .

. . .

. . .

. . .

. . .

. . .

. . .

. . .

. . .

. . .

. . .

The Geddes Law Firm, P.C.
1575 Delucchi Lane, Suite 206
Reno, NV 89502
Phone 775-853-9455

6

1   information produced irrespective of their production pursuant to this *Stipulated Protective Order*.

2   Dated: February 5, 2021                              THE GEDDES LAW FIRM, P.C.

3

4                                                        _____
                                                         William J. Geddes, Esq.
5                                                        Nevada Bar No. 6984
                                                         Kristen R. Geddes
6                                                        Nevada Bar No. 9027
                                                         1575 Delucchi Lane, Suite 206
7                                                        Reno, Nevada 89502
                                                         Phone: (775) 853-9455
8                                                        Fax: (775) 299-5337
                                                         Email: Kristen@thegeddeslawfirm.com
9                                                        *Attorneys for Plaintiffs*

10  Dated: February 5, 2021                              GORDON REESE SCULLY
                                                         MANSUKHANI, LLP
11                                                       *Electronic signature authorized*

12                                                       */s/* Brad Weintraub, Esq.

13                                                       _____
                                                         Brad M. Weintraub, Esq. (*Pro Hac Vice*)
14                                                       California Bar No. 299298
                                                         275 Battery Street, Suite 2000
15                                                       San Francisco, CA 94111
                                                         Phone: (415) 986-5900
16                                                       Fax: (415) 986-8054
                                                         E-mail:bweintraub@grsm.com
17                                                       *Attorneys for Defendant*

18

19                                          **ORDER**

20          THE COURT, having considered the preceding *Stipulation* and good cause appearing therefor,

21  HEREBY GRANTS the relief and protections requested therein.  IT IS HEREBY ORDERED that the

22  preceding *Stipulation* and this *Stipulated Protective Order* shall be and remain in effect, as stipulated

23  therein.

    **IT IS SO ORDERED.**
24

25

26  DATED: _____February 8, 2021_____

27

28                                          _____
                                            **UNITED STATES MAGISTRATE JUDGE**

The Geddes Law Firm, P.C.
1575 Delucchi Lane, Suite 206
Reno, NV 89502
Phone 775-853-9455